# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | |
|---|---|
| JASON VANHOOSE, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAUPACA FOUNDRY, INC.,<br><br>Defendant. | Case No. 1:17-cv-248-TRM-SKL |
| MICHAEL SARRELL, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAUPACA FOUNDRY, INC.,<br><br>Defendant. | Case No. 1:17-cv-00056-TRM-SKL |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made between defendant, Waupaca Foundry, Inc. ("DEFENDANT"), on the one hand, and Plaintiff, Abel Townsend ("PLAINTIFF") on the other hand. PLAINTIFF and DEFENDANT are collectively referred to as the "Parties."

### RECITALS

WHEREAS, PLAINTIFF is a former employee of DEFENDANT at DEFENDANT'S Pennsylvania foundry facility (previously known as Hitachi Metals Automotive Components ("HMAC"));

WHEREAS, *Sarrell, et al. v. Waupaca Foundry, Inc.,* pending in the United States District Court for the Eastern District of Tennessee, Case No. 17-cv-56, a Fair Labor Standards Act ("FLSA") putative collective action against DEFENDANT was filed on behalf of Named Plaintiff, Michael Sarrell, and other allegedly similarly situated individuals who wore personal protec-

1

tive equipment and/or showered while working as employees for DEFENDANT during the time period from February 28, 2014 to the date of this Agreement;

WHEREAS, Plaintiffs in *Sarrell* are alleging that they were not paid for donning, doffing, showering, and other time, and therefore wrongfully deprived of overtime pay under the FLSA;

WHEREAS, the *Sarrell* case has since been consolidated into *Vanhoose, et al. v. Waupaca Foundry, Inc.*, also pending in the United States District Court for the Eastern District of Tennessee, Case No. 17-cv-248, and the Plaintiffs in *Vanhoose* are making claims similar to the claims made by the *Sarrell* Plaintiffs;

WHEREAS, the consolidated case will be referred to herein as the "Action;"

WHEREAS, DEFENDANT denies it has violated the law in any manner alleged in the Action. DEFENDANT further denies it has improperly paid any of its former or current employees, violated any law or governmental regulation or engaged in any wrongdoing whatsoever, or that it is liable for any unpaid wages, damages, expenses, and penalties or otherwise;

WHEREAS, PLAINTIFF is the only employee, current or former, who worked at the DEFENDANT'S Pennsylvania facility who chose to opt-in to the Action, and because of his unique status in this Action, including his status as a former union employee, the Parties wish to resolve PLAINTIFF'S claim on an individual basis;

WHEREAS, DEFENDANT has elected to resolve PLAINTIFF'S claims with the understanding it is not making any concessions or admissions regarding the merits of PLAINTIFF'S claim, or the remaining claims in the Action;

WHEREAS, this Agreement is intended to embody all of the settlement terms and conditions and shall constitute the complete Agreement between the Parties;

WHEREAS, the Parties now desire to resolve this matter and avoid the costs and delays associated with any further litigation as between them; and

NOW, THEREFORE, in consideration of the above, and for other good and valuable consideration the receipt and sufficiency of which is expressly acknowledged, the Parties agree as follows:

## TERMS

1. The foregoing recitations are true, correct, and incorporated herein.

2. DEFENDANT shall pay PLAINTIFF $3,462.75 in full and final settlement of all PLAINTIFF'S claims (the "Settlement Amount"). Such amount includes PLAINTIFF'S attorneys' fees and costs, and in no instance will the DEFENDANT be required to pay more than the Settlement Amount. $1,385.10 of the Settlement Amount will be apportioned to PLAINTIFF'S counsel as attorneys' fees and costs, with the balance being paid directly to PLAINTIFF as follows. Plaintiff shall receive one check in the amount of

$1,038.83 (less withholdings) that is designated for back pay and one check for $1,038.83 for liquidated damages. Plaintiff will receive a w-2 for the monies earmarked for back pay and a 1099 for the monies earmarked for liquidated damages.

3. The Settlement Amount will be delivered to PLAINTIFF'S counsel Jackson, Shields, Yeiser & Holt, within ten (10) business days of the full execution of this Agreement.

4. This Agreement is entered into for the sole purpose of concluding all disputes, pled or not pled, between the Parties. Neither this Agreement nor its contents is an admission of any liability by the DEFENDANT, and DEFENDANT expressly denies any and all liability in this matter.

5. PLAINTIFF, in exchange for the good and valuable consideration described herein, does hereby release and discharge DEFENDANT, and any and all of DEFENDANT'S officers, agents, employees, attorneys, shareholders, directors, insurers, affiliates, subsidiaries, related corporations (including HMAC), successors, heirs and assigns of such corporations (collectively, including DEFENDANT, the "Released Persons and Entities") from any and all sums of money, causes of action, claims, demands or liabilities, for payment of unpaid overtime wages or other compensation arising out of PLAINTIFF'S relationship with DEFENDANT, whether known or unknown, which PLAINTIFF either has, had or may have against any such Released Persons and Entities. This Release applies to any and all claims, causes of action, demands, damages or liabilities PLAINTIFF has had or now has against the Released Persons and Entities up to the date of PLAINTIFF'S execution of this Agreement for:

    a. Any back wages (including minimum wages and overtime pay) or liquidated damages allegedly owed to PLAINTIFF by DEFENDANT and/or the Released Persons and Entities, under the Federal Fair Labor Standards Act, as amended ("FLSA");

    b. Claims for unpaid wages, minimum wages, and overtime pay in the form of breach of contract, whether express or implied, promissory estoppel, quantum meruit or unjust enrichment, or any other quasi-contractual claims in any form; and

    c. Any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure;

6. The Parties agree they have been given sufficient time to read this document prior to its execution, and that they understand its terms. The Parties have been given the opportunity to consult with counsel in this matter, and/or the attorney of their choosing, about the legal effect of this document and fully understand it.

7. PLAINTIFF understands that by signing this Release, PLAINTIFF voluntarily and knowingly waives all claims for payment of state and federal claims for unpaid minimum wages, unpaid wages, overtime wages and liquidated damages arising out of PLAINTIFF'S

3

employment relationship with DEFENDANT, against the Released Persons and Entities in exchange for the payments identified above.

8. PLAINTIFF further acknowledges and agrees that the payment described above constitutes full payment for all alleged unpaid hours PLAINTIFF worked between February 28, 2014 and the date of execution of this Release, and represents the full amount that PLAINTIFF could have sought relief for under the FLSA and the statutes and regulations cited above, and that this is a fair resolution of any claims PLAINTIFF has, or had to unpaid wages, overtime pay, and liquidated damages for that period. PLAINTIFF agrees that this settlement is all the recovery that PLAINTIFF could have obtained under the law.

9. PLAINTIFF further understands and acknowledges that neither DEFENDANT nor the other Released Persons and Entities admit to any wrongdoing or violation of law or regulation of any kind, including under the FLSA or any other statutes and regulations cited above, and expressly deny the same. PLAINTIFF understands that any discussion of "off the clock" time in relation to this payment for which PLAINTIFF seeks compensation was and is strictly for negotiation purposes and is not an admission or representation by DEFENDANT or the other Released Persons and Entities regarding time PLAINTIFF alleges PLAINTIFF spent donning, doffing, showering or engaging in any other activities "off the clock."

10. In the event that PLAINTIFF is subpoenaed to testify about matters covered by this Release or to produce this Release, PLAINTIFF will advise DEFENDANT within 7 business days of receipt of the subpoena so that DEFENDANT may take whatever action it deems necessary with regard to the sought after testimony.

11. PLAINTIFF further agrees that PLAINTIFF will immediately cease all efforts to locate or identify other individuals that PLAINTIFF believes may have claims against DEFENDANT or to suggest to others that they may have claims against DEFENDANT, and agrees to not make said efforts in the future. PLAINTIFF will not make posts to websites, social media or any other electronic communication regarding the existence of any past, present, or future lawsuits against Waupaca. PLAINTIFF agrees not to make any statements, written or verbal, nor will PLAINTIFF cause or encourage others to make any statements that defame, disparage or criticize the personal or business reputation, practices, or conduct of DEFENDANT, its employees, directors, and/or officers. PLAINTIFF acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, industry analysts, competitors, partners, vendors, employees (past and present), independent contractors (past and present), coworkers and union representatives or members. PLAINTIFF understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that DEFENDANT would be irreparably harmed by violation of this provision.

4

12. This Agreement shall be construed, interpreted, and governed in accordance with the laws of the State of Tennessee. Any dispute arising from this Agreement shall be venued in Chattanooga, Tennessee.

13. If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

14. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

15. This document constitutes the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements.

16. The Parties to this Agreement, and each of them, represent that no promise, inducement or agreement not herein expressed has been made regarding this Agreement; that in executing this Agreement, they have had the opportunity to consult with and receive advice from an attorney; that they have executed this Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation and without fraud, duress or undue influence of any kind or nature whatsoever; and that they have read the Agreement and fully understand each and every provision contained therein.

17. This Agreement and each provision hereof shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, successors and assigns.

Dated: March 15, 2018.

*Abel Townsend*
Abel Townsend

Dated: March 15, 2018.

/s/
David W. Garrison (24968)
Seth M. Hyatt (31171)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com
shyatt@barrettjohnston.com

*Attorneys for Plaintiffs*


T. Joseph Snodgrass (admitted pro hac)
Kelly Lelo (admitted pro hac)
LARSON • KING, LLP
2800 Wells Fargo Place
30 E. 7th Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
jsnodgrass@larsonking.com
klelo@larsonking.com

*Attorneys for Plaintiffs*


John Gordon Rudd, Jr.
ZIMMERMAN REED, PLLP
1100 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-341-0400
gordon.rudd@zimmreed.com

*Attorneys for Plaintiffs*

/s/
Gordon E. Jackson
James L. Holt, Jr.
J. Russ Bryant
Paula R. Jackson
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, TN 38018
Tel: (901) 754-8001

6

Fax: (901) 754-8524
gjackson@jsyc.com
jholt@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com

*Attorneys for Plaintiffs*

/s/
Paul E. Benson
Mitchell W. Quick
Joseph L. Olson
Benjamin A. Kaplan
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
pebenson@michaelbest.com
mwquick@michaelbest.com
jlolson@michaelbest.com
bakaplan@michaelbest.com

*Attorneys for Defendant Waupaca Foundry, Inc.*

E. Todd Presnell (17521)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza,
1600 Division Street, Suite 700
Nashville, TN 37203
Tel: (615) 252-2355
Fax: (615) 252-6355
tpresnell@babc.com

*Attorneys for Defendant Waupaca Foundry, Inc.*