UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL SARRELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:17-cv-56-TRM-SKL |
| ) | |
| WAUPACA FOUNDRY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

*****************************************************************************

| | |
|---|---|
| JASON VANHOOSE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:17-cv-248-TRM-SKL |
| ) | |
| WAUPACA FOUNDRY, INC., successor to ) | |
| Thyssen Krupp Waupaca, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Before the Court is the parties' joint motion seeking court approval of the settlement of certain Fair Labor Standards Act, 29 U.S.C. §§201-19 ("FLSA"), claims reached solely as to Opt-in Plaintiff Abel Townsend ("Townsend") and Defendant Waupaca Foundry, Inc. ("Waupaca" or "Defendant") in case number 1:17-cv-56-TRM-SKL ("the *Sarrell* action") [Doc. 152].[1] The joint motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §

---

[1] The signed Settlement Agreement and Release ("the Agreement") executed by Townsend on March 15, 2018 was filed with the joint motion [Doc. 152-1]. Citations herein are to the consolidated-member case, the *Sarrell* action, although the joint motion is also filed in the lead case, that is case number 1:17-cv-248 ("the *VanHoose* action"). Some of the terms used herein are defined terms in the Agreement or pleadings.

636(b)(3) [Doc. 153]. A telephonic hearing on the joint motion was held July 2, 2018,[2] and the motion is now ripe. Upon consideration of the parties' submissions and argument, I **RECOMMEND** that the joint motion be **GRANTED**.

Briefly, because Congress perceived an imbalance of bargaining power between employers and wage-hour employees, the FLSA's provisions are mandatory and are generally not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-08 (1945); *Lynn's Food Stores*, 679 F.2d at 1352-53. In the circumstances at issue here, an employee who has filed a lawsuit asserting FLSA claims against his employer may settle his case subject to judicial approval of the settlement with respect to the FLSA claims. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 133 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54. As held in *Lynn's Food*,

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Lynn's Food Stores*, 679 F.2d at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution

---

[2] Although Townsend was notified of, and invited to participate in, the hearing, he did not do so; instead, he was represented by Plaintiffs' counsel during the hearing.

2

of a bona fide dispute over FLSA provisions." *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The S*arrell* action is a FLSA putative collective action against Defendant filed by Named Plaintiff, Michael Sarrell, and on behalf of other allegedly similarly situated workers who wore personal protective equipment and/or showered while working as employees for Defendant.[3] Plaintiffs in *Sarrell* allege that Waupaca failed to pay them for donning, doffing, and showering activities, and other time, and therefore wrongfully deprived them of back wages and overtime pay under the FLSA.

Townsend is a former employee of Defendant's who worked at Defendant's Pennsylvania foundry facility (previously known as Hitachi Metals Automotive Components USA, LLC). Townsend opted in to the *Sarrell* case on June 26, 2017 [Doc. 31].[4] Plaintiffs, including Townsend, assert claims under the FLSA for back wages, including alleged unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. Defendant denies that Townsend, or any other former or current employee, is entitled to any overtime compensation, back wages, liquidated damages, attorneys' fees or costs, or any other damages, and further denies it has violated the FLSA or any state laws in any manner;

Plaintiff Townsend is the only employee, current or former, who worked at the Defendant's

---

[3] The Court conditionally certified this case as an opt-in FLSA collective action [Doc. 148].

[4] The approved consent form signed by Townsend provides that the Representative Plaintiffs can make decisions on behalf of the opt-in Plaintiffs, including the negotiation of a resolution of the opt-in Plaintiffs' claims [Doc. 31].

Pennsylvania facility who chose to opt-in to the *Sarrell* action. Because of his unique status in this action, including his status as a former union employee, the parties wish to resolve Townsend's wage claims independent of the claims of the other Plaintiffs in the *Sarrell* and *VanHoose* actions. The parties represent that Townsend has been informed of the settlement, agrees with the terms, has executed the Agreement, and wishes to proceed with the settlement [Docs. 152, 152-1].

In this case, the FLSA claims arise from allegations that Waupaca failed to pay Plaintiffs for "donning, doffing, and showering activities, and other time, therefore wrongfully depriv[ing] them of back wages and overtime pay under the FLSA." [Doc. 152 at Page ID # 1109]. The settlement of Townsend's FLSA claims were reviewed to determine if it is a fair and reasonable resolution of his FLSA claims. During the hearing, the parties agreed the total settlement of $3,462.75 includes all of Townsend's alleged wage shortages during the relevant time and is apportioned as follows: $1,038.83 (less withholdings) for back pay, $1,038.83 for liquidated damages, and attorney's fees and costs of $1,385.10. The parties agree that Townsend's recovery is fair and complete under the FLSA and that the settlement is made without any admission of fault or liability.

As noted above, the proposed settlement provides for the payment of the fees and costs of Townsend's counsel. The FLSA has a fee-shifting provision and, pursuant to 29 U.S.C. § 216(b), the prevailing party shall recover reasonable attorney's fees and litigation costs. 29 U.S.C. § 216(b). An "award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). "The Court must also separately assess the reasonableness of plaintiff's

attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D. N.Y. 2013). "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (citations, internal quotation marks, and alteration notation in original omitted).

The Court has conducted the required examination of attorney's fees in this case and finds them to be appropriate. It appears that the attorney's fee is reasonable and less than the fees that Townsend's counsel could have claimed based on the number of hours worked multiplied by the attorney's hourly rate.[5] *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994).

Based on the evidence and argument presented during the hearing and a careful review of the joint motion and Agreement, I **CONCLUDE** that the FLSA settlement of Townsend's claims is a fair, reasonable, and equitable compromise of the disputed FLSA claims. The settlement takes into account each party's interests, benefits and rights pursuant to the considerations set forth in *Lynn's Foods* and the lawsuit has provided the proper adversarial context to protect Townsend's interests from any overreaching. For these reasons, I **RECOMMEND**[6] that the joint motion [Doc. 152] be **GRANTED** and the proposed settlement of Townsend's FLSA claims be **APPROVED**.

---

[5] Under the circumstances, it is not necessary to review any apportioned costs and no evidence of costs was submitted.

[6] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

As a result, the joint motion filed in the *VanHoose* action [Doc. 73 in case number 1:17-cv-248] may be **TERMED**.

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE